[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
CT Page 13610
The plaintiff claims that the defendant sexually molested him. The plaintiff and defendant do not dispute that the defendant often stayed overnight in the plaintiff's home, and that on several occasions the plaintiff and defendant slept in the same bed. The plaintiff, at his deposition, however, stated that upon awakening during several nights, he found his hand inside the underwear of the defendant or that the defendant's hand was in his underwear.
The defendant moves for summary judgment on the ground that he was asleep at the time of the alleged molestation, and therefore he did not have the requisite intent under either a recklessness or a negligence theory of liability. The defendant has submitted his own affidavit in support of the motion.
"Intent is clearly a question of fact ordinarily inferred from one's conduct and acts under the circumstances of a particular case. . . . Thus, whether the actor knows the consequences of his or her conduct are certain or substantially certain to result from his or her act and still proceeds with the conduct, so that he or she should be treated by the law as though he or she in fact desired to produce the result, is a question of fact for the jury." Suarez v. Dickmont Plastics Corp. ,229 Conn. 99, 111, 639 A.2d 507 (1994).
Here, the jury could reasonably infer from the facts submitted in evidence that the defendant was not asleep at the time. Although the plaintiff does not directly contradict the defendant's statement that he was asleep, the plaintiff states in his deposition that he awoke several times to find either his hand or the defendant's hand placed on the other's genitals. Further, the plaintiff avers in his deposition that the defendant only wore underwear when sleeping in the same bed with the plaintiff. The evidence submitted, therefore, gives rise to a question of fact as to the defendant's intent. Accordingly, the motion for summary judgment is denied.
SKOLNICK, J.